UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCIS WILLIAM ROBERT DESMOND,<br><br>            Petitioner,<br><br>     v.<br><br>S. PEERY,<br><br>            Respondent. | No.  2:16-cv-0621 AC P<br><br><br>ORDER |

Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis. Petitioner has consented to the jurisdiction of the undersigned magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c) and Local Rule 305(a).  ECF No. 4.

I.      Application to Proceed In Forma Pauperis

Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit.  ECF No. 2.  Accordingly, the application to proceed in forma pauperis will be granted.  See 28 U.S.C. § 1915(a).

II.      Petitioner's Allegations

Petitioner pled guilty to transportation of methamphetamines and having three prior felony convictions.  ECF No. 1 at 1, 4, 14, 18.  The judgment of conviction was entered on September 6,

1

2013, and petitioner did not appeal. Id. at 1. He alleges that as a result of Proposition 47, two of his prior convictions were reduced to misdemeanors and he is being subjected to double jeopardy because he is "s[e]rving '2' years for those prison priors that are now misdemeanors." Id. at 4.

III.    Discussion

Rule 4 of the Habeas Rules Governing Section 2254 Cases requires the court to summarily dismiss a habeas petition "[i]f it plainly appears from the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." As set forth below, the petition fails to state a cognizable claim for relief and will be dismissed.

California Penal Code § 667.5 is a recidivist statute that provides for the "[e]nhancement of prison terms for new offenses because of prior prison terms." At the time petitioner was sentenced, he had three prior felonies that resulted in an enhanced sentence on the current offense under § 667.5. ECF No. 1 at 4, 18. To the extent petitioner argues the enhancement constitutes double jeopardy, he fails to state a claim.

> It is true that the "Double Jeopardy Clause protects against . . . the actual imposition of two punishments for the same offense." Witte v. United States, 515 U.S. 389, 115 S. Ct. 2199, 2204, 132 L. Ed.2d 351 (1995). But although the three-strikes statute might seem to violate this principle, the Supreme Court has long since determined that recidivist statutes do not violate double jeopardy because "the enhanced punishment imposed for the later offense 'is not to be viewed as either a new jeopardy or additional penalty for the earlier crimes,' but instead as 'a stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one.'" Id. 115 S. Ct. at 2206 (quoting Gryger v. Burke, 334 U.S. 728, 732, 68 S. Ct. 1256, 92 L. Ed. 1683 (1948)); see also Spencer v. Texas, 385 U.S. 554, 559-60, 87 S. Ct. 648, 17 L. Ed.2d 606 (1967); Moore v. Missouri, 159 U.S. 673, 16 S. Ct. 179, 40 L. Ed. 301 (1895).

United States v. Kaluna, 192 F.3d 1188, 1198-99 (9th Cir. 1999) (alteration in original).

Petitioner's claim related to the reduction of his felonies to misdemeanors under Proposition 47 also fails to state a claim. "Proposition 47 changed portions of the Penal Code to reduce certain theft-related offenses from felonies or wobblers[1] to misdemeanors, unless the

---

[1] "Wobblers" are crimes that "are chargeable or, in the discretion of the court, punishable as either a felony *or* a misdemeanor." People v. Park, 56 Cal. 4th 782, 789 (Cal. 2013) (emphasis in original) (citations omitted).

2

offenses were committed by certain ineligible offenders. Proposition 47 also created a procedure

making those changes available to offenders who had previously been convicted of reclassified

offenses." People v. Jones, 1 Cal. App. 5th 221, 228 (Cal. Ct. App.) (citations omitted), petition

for review granted on other grounds, 208 Cal. Rptr. 3d 281 (Cal. 2016). According to the

petition, petitioner took advantage of the procedure for reclassifying previous offenses and had

two of his three prior felonies reclassified as misdemeanors. ECF No. 1 at 4. He argues that

because his prior felonies are now misdemeanors, the § 667.5 enhancements based on those

offenses should be stricken. Id.

"[I]t is not the province of a federal habeas court to reexamine state-court determinations

on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Middleton v. Cupp, 768

F.2d 1083, 1085 (9th Cir. 1985) (habeas relief "is unavailable for alleged error in the

interpretation or application of state law"). This principle encompasses the interpretation or

application of state sentencing laws. Miller v. Vasquez, 868 F.2d 1116, 1118-19 (9th Cir. 1989)

(declining to address "[w]hether assault with a deadly weapon qualifies as a 'serious felony'

under California's sentence enhancement provisions [because it] is a question of state sentencing

law"). In this case, whether reclassifications granted under Proposition 47 can be applied

retroactively to invalidate sentencing enhancements under § 667.5 is a question of state law[2] and

therefore not cognizable in federal habeas. Accordingly, the petition will be dismissed for lack of

jurisdiction.

IV.    Certificate of Appealability

Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this court must

issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A

certificate of appealability may issue only "if the applicant has made a substantial showing of the

---

[2] A number of state courts of appeal have answered this question in the negative. See, e.g., People v. Jones, 1 Cal. App. 5th 221, 229-30 (Cal. Ct. App. 2016) (Fourth District, Division 2 finding the enhancement is not invalidated); People v. Ruff, 198 Cal. Rptr. 3d 704, 714 (Cal. Ct. App. 2016) (Fifth District finding same); People v. Williams, 199 Cal. Rptr. 3d 755, 759 (Cal. Ct. App. 2016) (Second District finding same). The issue is currently pending before the California Supreme Court. People v. Johnson, 8 Cal. App. 5th 111, 117 n.3 (Cal. Ct. App. 2017) (noting issue is currently pending review in the California Supreme Court).

1  denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in this order, a

2  substantial showing of the denial of a constitutional right has not been made in this case.

3  Therefore, no certificate of appealability should issue.

4      V.      Plain Language Summary of this Order for a Pro Se Litigant

5          Your petition is being dismissed because the state court's decision that the reclassification

6  of your felonies does not invalidate the sentence enhancement does not state a federal claim.

7          Accordingly, IT IS HEREBY ORDERED THAT:

8          1. The request to proceed in forma pauperis (ECF No. 2) is granted.

9          2. Petitioner's application for writ of habeas corpus (ECF No. 1) is dismissed for lack of

10  jurisdiction.

11          3. This court declines to issue the certificate of appealability referenced in 28 U.S.C. §

12  2253.

13  DATED: October 10, 2017

14  _____
    ALLISON CLAIRE

15  UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28

4